MEMORANDUM **
Defendant-Appellant Art Garcia appeals his convictions following a jury trial for the importation of cocaine and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841, 952, and 960. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
Garcia first argues that the district court abused its discretion when it excluded as irrelevant Garcia’s testimony about what he thought about de Leon and de Leon’s boss who had asked him to go and pick up the car that was later determined at the border to contain cocaine.[1] Garcia’s general opinion of these individuals was not relevant to whether Garcia knew the car contained the cocaine he was charged with possessing or why Garcia lied to the law enforcement officials. Fed.R.Evid. 401. However, any testimony that Garcia feared de Leon and his boss and lied to the law enforcement officers out of fear that de Leon and his boss might harm Garcia’s family would have been relevant. Nevertheless, the jury heard testimony from Garcia about his retaliation fears, and so to the extent the excluded questions might have elicited relevant testimony, it was plainly cumulative of other admitted testimony and properly excluded under Fed. R.Evid. 403. The district court did not abuse its discretion when it excluded the testimony. See United States v. Boulware, 384 F.3d 794, 805, 808 n. 6 (9th Cir.2004).
*443 The same analysis applies to the sustaining of an objection to a defense question about whether Garcia was set up, or when he knew that, because the substance of his other admitted testimony, if credited by the jury, would have supported his theory that he was set up.
Garcia also argues that the district court’s refusal to give his “theory of the defense” instruction was reversible error. Garcia’s theory of the defense was that he did not know there was cocaine in the car. “A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence.” United States v. Crandall, 525 F.3d 907, 911 (9th Cir.2008) (brackets omitted). However, “it is not reversible error to reject a defendant’s proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory.” United States v. Romm, 455 F.3d 990, 1002 (9th Cir.2006). We agree with the district court that Garcia’s defense was fully encompassed by the other jury instructions. See id.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The parties are familiar with the facts of this case and we do not repeat them here.